**Ex parte Mervin L. REESE a/k/a Murphy Ward.**

**No. 2–83–403–CR.**

Court of Appeals of Texas, Fort Worth.

March 7, 1984.

Rehearing Denied March 29, 1984.

Alley & Alley and Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David Montague, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II, and HILL, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a habeas corpus action instituted by applicant pro se in Criminal District Court No. 4 of Tarrant County, for the purpose of obtaining reduction of his appeal bonds. Two applications for writ of habeas corpus (one in each of applicant's convictions) were originally denied by the trial court without a hearing, but after applicant gave his notice of appeal from that action the trial court held a hearing which resulted in applicant's appeal bonds being increased. Applicant appeals all of the actions of the trial court regarding his appeal bonds.

For the reasons set forth below, the appeal in this habeas corpus matter is dismissed for want of jurisdiction.

The record reflects that applicant was convicted of felony theft and attempted incest and was sentenced to ten years confinement in each case, probated. These probations were revoked on November 9, 1983 in Criminal District Court No. 4. Applicant gave notice of appeal and the Hon. Richard Alley was appointed to represent him on these appeals. Subsequently, applicant and his attorney made application to the judge of Criminal District Court No. 4 for bail to be set in these two cases, pending appeal. On November 11, 1983, appeal bonds were set at $15,000 in each case.

Sometime soon thereafter (the file date on the document is illegible) applicant filed a pro se application for writ of habeas corpus in each case, requesting that the trial court appoint an attorney to represent him in the habeas corpus proceedings, set the same for a hearing, and thereafter reduce applicant's appeal bonds from $15,000 to $2,000 in each case. On November 28, 1983, the trial court wrote "Denied" on each application for writ of habeas corpus, without holding a hearing or taking any further action. Applicant filed a pro se notice of appeal in each case. The record reflects that the next action taken was on December 19, 1983 when the trial court held a short hearing regarding applicant's ability to show how large an appeal bond he could afford to make.[1] Applicant was present at the hearing, as was Mr. Alley who was representing applicant on his direct appeals. Mr. Alley informed the court that he had not been retained or appointed to represent applicant in this habeas corpus matter, and applicant acknowledged that he

---

1. Regrettably, the record before this court does not indicate what procedure the trial judge followed so as to reach the point of holding the December 19, 1983 hearing; i.e., did the trial court—albeit somewhat belatedly inasmuch as the trial court's prior denial of applicant's application for writ of habeas corpus was then on "appeal" to this court—decide to hold a hearing on December 19, 1983 to decide whether to grant applicant's applications; or, did the trial court grant applicant's applications for writ of habeas corpus after he had filed his notice of appeal to this court, issue a writ of habeas corpus, and hold a hearing on December 19, 1983 for the purpose of determining whether applicant was being unlawfully restrained because the amounts of his appeal bonds were excessive.

did not have an attorney in these proceedings. Neither applicant nor Mr. Alley pursued applicant's prior request to have counsel appointed for the December 19, 1983 hearing, or for the pending habeas corpus appeal. The trial court then proceeded to direct all further questions to applicant and at the conclusion of the hearing, the court increased applicant's appeal bonds from $15,000 to $50,000 in each case. Applicant did not give oral notice of appeal, and has not filed a written notice of appeal from this order.

Mr. Alley, acting as amicus curiae on behalf of applicant, has filed in this court a motion to abate the habeas corpus appeal, seeking to have the case remanded back to the trial court so that counsel can be appointed to represent applicant. Additionally, Mr. Alley seeks leave to file an amicus curiae brief addressing the merits of the denial of the habeas corpus relief. In light of our disposition of this appeal, we deny applicant's motion to abate this appeal; however, we grant the motion of the Hon. Richard Alley for leave to file an amicus curiae brief on behalf of applicant.

Applicant's first ground of error is that the trial court erred in not holding a hearing on November 28, 1983, prior to denying applicant's applications for writ of habeas corpus which alleged that the $15,000 appeal bonds were excessive.

■ An appellant has two methods by which he may challenge in the trial court the amount of his appeal bonds: (1) by an application for writ of habeas corpus or (2) by a statutory motion to reduce bond pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.04 (Vernon Supp.1982–1983). The well-established rule is that when an application for a writ of habeas corpus alleging unlawful restraint is presented to a judge who refuses to issue a writ of habeas corpus commanding the person having the applicant in custody to produce him before the court for a determination of the allega-

tions in the application, no appeal lies. *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex.Cr. App.1983); *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex.Cr.App.1981); *Mayes v. State*, 538 S.W.2d 637, 639 (Tex.Cr.App. 1976). Applicant's remedy is then to present his application to another judge having jurisdiction. *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522, 526 (1952) (on motion for rehearing). *See Mayes v. State, supra*, at 639, fn. 1, wherein the court recognized that while other district judges would have authority to entertain habeas corpus proceedings, they are often reluctant to entertain such proceedings where the conviction has occurred in another district court.

■ Of course, when the trial court is presented with an application for a writ of habeas corpus he may hold a hearing on the limited question of whether to issue the writ of habeas corpus, or whether to simply deny the application for writ of habeas corpus. After such a hearing, if the trial judge refuses to issue the writ of habeas corpus, no appeal lies. *Ex parte Noe, supra; Ex parte Hughes*, 20 S.W.2d 1070 (Tex.Cr.App.1929).

■ On the other hand, if the judge to whom the application for a writ of habeas corpus is presented issues the writ (with or without a hearing having been held regarding whether to issue the writ), by doing so he commands the person having the applicant in custody to produce said applicant before the court for a determination regarding whether the court should grant the relief requested by applicant. If the court then determines from the evidence adduced at the hearing on the merits of applicant's request that the applicant is not illegally restrained and denies the relief prayed for, an appeal lies to this court. TEX.CODE CRIM.PROC.ANN. art. 44.34 (Vernon Supp.1982–1983); *Nichlos, supra*, 255 S.W.2d at 526.[2]

2. *See Ex parte Spaulding*, 612 S.W.2d 509, 510–11 (Tex.Cr.App.1981), adopting the concurring opinion in *Ex parte Byers*, 612 S.W.2d 534, 537 (Tex.Cr.App.1980), for the proposition that an

appellant has a right to appeal a determination of bail pending appeal by any of three methods: (1) appeal under art. 44.34 of a denial of a writ of habeas corpus, after the trial court holds a

Applicant, however, asserts that the instant case is directly controlled by *Ex parte Williams,* 630 S.W.2d 803 (Tex.App. —San Antonio 1982, pet. ref'd) in which the trial court denied, without a hearing, applicant's application for writ of habeas corpus seeking a bond reduction pending appeal. The San Antonio Court of Appeals recognized the two methods by which an appellant may obtain a bond reduction pending appeal (by writ of habeas corpus or by a motion to reduce bail), but made no distinction between the two methods in its holding that a trial court is required to hold a hearing prior to ruling on an application for bond reduction, and that this was true regardless of whether an applicant seeks relief by way of an application for writ of habeas corpus under TEX.CODE CRIM. PROC.ANN. art. 11.05 (Vernon 1977), or by a motion to reduce bail under art. 44.04. We note that this holding was subsequently severely criticized by Judge Onion in his concurring opinion in the related case of *Weiner v. Dial,* 653 S.W.2d 786, 788 (Tex. Cr.App.1983). Judge Onion stated that the San Antonio Court of Appeals was in error in its holding in *Williams* because the relief sought by the applicant therein was unquestionably by way of an application for writ of habeas corpus and, since no hearing was held by the trial court, the action was not appealable. Judge Onion further opined that the Court of Criminal Appeals should have granted rather than refused the State's petition for discretionary review, and that such refusal only heightened the confusion surrounding this issue. *Weiner, supra,* at 790.

■ In view of the extremely questionable holding in *Williams, supra,* we decline to follow the San Antonio Court's departure from the well-established rule that when a trial court is presented with an application for writ of habeas corpus and denies it without issuing a writ of habeas corpus, the action is not appealable. *Noe, supra; Moorehouse, supra; Mayes, su-*

*pra.* Applicant's first ground of error is overruled.

Applicant's other three grounds of error relate to the trial court's actions in holding the hearing on December 19, 1983, which resulted in applicant's appeal bonds being increased. (*See* fn. 1,[1] infra, for a discussion as to the possible existing procedural prerequisites, or lack thereof, for this hearing.) No notice of appeal, either oral or written, was ever given or filed by applicant following the trial court's hearing and order of December 19, 1983. This must be done within 15 days after the date the trial court signs the order which applicant is appealing. TEX.CODE CRIM.PROC.ANN. art. 44.08 (Vernon Supp.1982–1983). *See Ex parte Weston,* 556 S.W.2d 347 (Tex.Cr. App.1977), holding that in determining the time period in which a notice of appeal must be given in a habeas corpus proceeding, arts. 44.08 and 44.34 must be construed together.

Applicant had previously filed his written notice of appeal from the trial court's prior denial of his applications for writ of habeas corpus which dealt with the $15,000 appeal bonds. At the December 19, 1983 hearing, applicant indicated his desire to appeal these applications which he had previously filed and which had been denied without a hearing, but applicant never mentioned that he wanted to appeal from the trial court's action on December 19, 1983 wherein his appeal bonds were increased.

■ In the instant case, there is no record of notice of appeal having been given challenging the trial court's jurisdiction in holding the December 19, 1983 hearing, or the results thereof. Nor is there a showing of good cause for the absence of such notice, as is allowed by art. 44.08(e). In the absence of a notice of appeal from the December 19, 1983 order increasing applicant's appeal bonds, this court does

hearing; (2) appeal under art. 44.04(g) of a motion to reduce bail; or (3) by original habeas corpus application to the Court of Criminal Appeals under that court's constitutional authority

to consider an application for writ of habeas corpus which presents issues concerning bail pending appeal; *see* TEX. CONST. art. V, § 5.

not have jurisdiction to review the order. *Ex parte Weston, supra,* at 349.

Although counsel appointed to represent an appellant on the direct appeal of his case is not required to pursue an appeal of a denial of an application for writ of habeas corpus alleging excessive bail, *see Weiner, supra,* it would serve no purpose to abate this habeas corpus appeal so that additional counsel may be appointed in this matter, inasmuch as the trial court's denial of the applications for writ of habeas corpus without a hearing, was not an appealable matter. Further, because applicant did not timely file a notice of appeal from the trial court's December 19, 1983 order increasing his appeal bonds to $50,000 in each case, the jurisdiction of this court was never invoked on this issue.

Accordingly, this appeal is dismissed for want of jurisdiction.