Jerry Wayne MARGOITTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–113–CR.

Court of Appeals of Texas,
Waco.

Feb. 24, 1999.

Whitney E. Fanning, C. Michael Flynn, Waco, for appellant.

John W. Segrest, Crim. Dist. Atty., Beth Toben, Deputy First Asst. Dist. Atty., Mark E. Parker, Laura M. Alaniz, James Wiley, Asst. Dist. Attys., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## ORDER

PER CURIAM.

Jerry Wayne Margoitta was convicted of indecency with a child, assessed ten years in prison, and placed on ten years' probation. He did not appeal that conviction. After eight years, his probation was revoked, and he was then sentenced to ten years in prison.

Margoitta filed two notices of appeal—one from the order revoking his probation and the other from the order setting the amount and conditions of his bond pending appeal. We docketed a single appeal, Cause Number 10–98–113–CR, and filed both notices therein. Margoitta filed a single brief, bringing five issues for our review, two of which relate to the order setting the amount and conditions of the bond pending his appeal. The State filed its brief in response.

Article 44.04 of the Code of Criminal Procedure provides, in relevant part:

(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement or where the defendant has been convicted of an offense listed under Sections 481.107(b) through (e), Health and Safety Code, but shall immediately be placed in custody and the bail discharged.

(c) Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section (where the punishment does not exceed 15 years confinement), the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

. . .

(g) The right of appeal to the Court of Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall be given preference by the appellate court.

TEX.CODE CRIM. PROC. ANN. art. 44.04(b), (c), (g) (Vernon Supp.1999).

Article 44.04 provides for a separate, preferential appeal for complaints about the court's action in denying or setting a bond pending appeal. *Id.* art. 44.04(g). Such an appeal is separate and apart from the appeal that the accused takes from the judgment of conviction or, as in this case, the order revoking probation.

Thus, we will retain Margoitta's notice of appeal from the order setting bond in this cause number and file the notice of appeal from the order revoking probation in a separate cause, Number 10–99–036–CR. Under normal circumstances separate briefs and records would be filed regarding the issues presented in each of these separate appeals. The parties to these appeals will not be required to redraw their briefs because the two notices of appeal were originally filed in a single cause number. For convenience, copies of the parties' briefs will be filed in the new cause, to be considered as the briefs in the new cause. The clerk's record and reporter's record will be considered as having been filed in both causes. Because all points have been argued, Cause Number 10–99–036–CR will be submitted without further argument on issues one, four, and five. We will address issues two and three as matters of preference under article 44.04(g) in this cause. *Id.* art. 44.04(g).