**Ex parte Jose Silvino ENRIQUEZ.**

**No. 10–99–116–CR.**

Court of Appeals of Texas,
Waco.

May 19, 1999.

Ricardo De Los Santos, Cleburne, for appellant.

Dale S. Hanna, Dist. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

On April 23, 1999, a jury convicted Jose Silvino Enriquez of three counts of aggravated sexual assault. He was assessed ten years' confinement on each count, to run concurrently. On April 29, Enriquez asked the court to set bail pending appeal at $25,000. After a hearing, the court set bail at $200,000.

Enriquez has filed an Application for Writ of Habeas Corpus[1] in this court complaining that his bail is excessive. A convicted defendant has two methods available to challenge the amount of bail pending appeal. *See Ex parte Reese*, 666 S.W.2d 675, 677 (Tex.App.—Fort Worth 1984, pet. ref'd). Both must be initiated in the trial court.[2] *Id.* These methods are: (1) by application for writ of habeas corpus or (2) by a statutory motion to reduce bail. *Id.* Enriquez pursued a statutory motion to reduce bail in the trial court. *See* Tex. Code Crim. Proc. Ann. art. 44.04 (Vernon Supp.1999). Article 44.04 provides for a preferential appeal for complaints about the court's action in denying bail or setting excessive bail pending appeal. *Id.* art. 44.04(g). Because this appeal is separate from the appeal of the conviction and punishment, it must be perfected by a separate notice of appeal. *See Margoitta v. State*, 987 S.W.2d 611, 612 (Tex.App.— Waco 1999) (order).

Enriquez has the right to appeal the court's order setting his bail pending appeal. *Id.*; Tex.Code Crim. Proc. Ann. art. 44.04(g). However, Enriquez has not filed a separate notice of appeal. Thus, he has not invoked the jurisdiction of this Court to review the trial court's bail determination. *Id.* Enriquez filed an application for writ of habeas corpus as an original proceeding in this court. We do not have jurisdiction to consider an original application for writ of habeas corpus. Tex. Const. art. V, §§ 5, 6.

Accordingly, we dismiss this proceeding for want of jurisdiction.

---

1. We do not have constitutional authority to consider original habeas corpus applications. Tex. Const. art. V, §§ 5, 6. Nor is this an appeal from the denial of an application for habeas corpus after a hearing on the merits. *Ex parte Reese*, 666 S.W.2d 675, 677 (Tex. App.—Fort Worth 1984, pet. ref'd); Tex.R.App. P. 31.

2. It may also be possible to challenge bail pending appeal by an original habeas corpus proceeding filed directly with the Court of Criminal Appeals. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex.Crim.App.1981).