NO. 07-02-0142-CR


NO. 07-02-0143-CR


NO. 07-02-0144-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 10, 2002



______________________________




FABIAN JAMES TANKESLY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,975-A, 41,941-A, & 41,926-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO REDUCE BAIL


 Appellant perfected his appeal from three separate orders revoking his community
supervision and assessing punishment of two years confinement and a $100 fine in each
cause for theft, securing execution of documents by deception, and unauthorized use of
a motor vehicle. The appellate record has been filed and the time for filing briefs has not
yet lapsed.

 The trial court set appellant's bail at $15,000 in each cause. By his motion to
reduce bail pending appeal, appellant asserts that $45,000 is excessive in light of his
convictions for non-violent crimes and notes that he has only sufficient resources to post
bail in the amount of $20,000. Article 44.04 of the Texas Code of Criminal Procedure
Annotated (Vernon Pamph. Supp. 2002) provides for the determination of bond pending
appeal. The traditional method of challenging excessive bail is by application for writ of
habeas corpus in the trial court. Green v. State, 872 S.W.2d 717 (Tex.Cr.App. 1994); see
also Ex Parte Enriquez, 2 S.W.3d 362 (Tex.App.-Waco 1999, no pet.) (explaining that
excessive bail may also be attacked by a statutory motion initiated in the trial court). This
Court's authority to set reasonable bail is not triggered unless a conviction is reversed on
appeal. See Article 44.04(h). 

 Accordingly, the motion to reduce bail pending appeal is overruled.

 Per Curiam

Do not publish.



 his right to file a pro se response
to counsel's motion and brief. The clerk of this court has also advised appellant by letter
of his right to file a response to counsel's brief. Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). We carried the motion for
consideration with the merits of the appeal. Having considered the merits and finding no
reversible error, appellant's counsel's motion to withdraw is granted and the trial court's
judgment is affirmed.

 Mackey K. Hancock

 Justice

Do not publish.