Opinion issued August 8, 2002


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00633-CR






ROBERT LAMBERTZ, II, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 10

Harris County, Texas

Trial Court Cause No. 9936090






O P I N I O N


 A jury convicted appellant of misdemeanor assault, and the trial court assessed
punishment at nine months confinement and a $2000 fine. We affirm.


BACKGROUND


 On May 25, 1999, at 7:45 in the morning, the complainant, Jory Stein, was
leaving the second floor apartment he rented in an apartment complex owned and
managed by appellant. As Stein was locking his door, appellant passed him and said,
"Good morning." Stein replied, "Morning," and continued walking down the stairs
to the courtyard where his car was parked.

 As Stein was walking down the stairs, appellant told Stein that he needed to
walk more quietly because another tenant was still asleep. Because Stein did not feel
he was walking loudly, he waved his hand at appellant and continued down the stairs. 
Appellant told Stein he had better listen to him, and Stein replied, "F___ you, Bob,"
and kept walking.

 Appellant asked Stein if he wanted to come up the stairs and say that to his face. 
Stein did not respond and kept walking, but he noticed that appellant had come down
the stairs toward him. Stein turned around to find appellant standing in front of him. 
Appellant was yelling and suddenly struck Stein in the face causing him to fall to the
ground and momentarily black out. Appellant continued hitting Stein in the face. 
Stein was lying on the ground, so, in an effort to stop the punches, he grabbed
appellant's legs and appellant fell to the ground. Appellant asked Stein if he had had
enough. Stein got up and began walking toward his apartment to call the police. 
Appellant stood on the landing of the stairs and blocked Stein's path up the stairs. 
Stein, instead, turned around, retrieved his daytimer and glasses, which he had lost
during the fight, and walked to his car. There he used his cell phone to call the police. 
He learned from the dispatcher that appellant had already reported the altercation.

 Stein was taken by ambulance to the hospital where he received stitches for a
cut on his face. His face was bruised and swollen and both eyes were black.

 Appellant's version of the event was that Stein threw the first punch. Appellant
testified that Stein "suckerpunched" him and then put him in a headlock. Appellant
theorized that Stein's injuries were caused by appellant's flailing at him when Stein
was holding him in a headlock.

A. Bail

 In points of error one and two, appellant contends the trial court erred by
placing him in custody after sentencing. The record shows that, before trial, bond was
set at $4,500. After he was convicted, the trial court set a new bond on appeal at
$10,000. Appellant contends that the trial court erred by requiring him to post a new
bond on appeal. Complaints regarding excessive bail pending appeal must be raised
in the trial court, either by an application for writ of habeas corpus or a statutory
motion to reduce bail. Ex parte Enriquez, 2 S.W.3d 362, 363 (Tex. App.--Waco
1999, no pet.). From the denial of either, the appellant may file a preferential appeal
in the appellate court. Id.; see Tex. Code Crim. Proc. Ann. art. 44.04(q) (Vernon
Supp. 2002). However, the appeal on the bail issue is separate from the appeal from
the appellant's conviction, and a separate notice of appeal must be filed. Enriquez, 2
S.W.2d at 363. No such separate notice of appeal was filed in this case. Accordingly,
we have no jurisdiction to review the conditions of appellant's appeal bond.

 We dismiss points of error one and two for lack of jurisdiction.

B. The X-Ray

 In points of error three, four, and five, appellant contends that the trial court
erred by denying him the "right to identify and present, at trial, rebuttal evidence
which was crucial to the defense."

 During the testimony of David Howard, a paramedic who responded to the
scene, the prosecutor asked a hypothetical question about whether it was possible for
someone to break his hand if it was used enough times to strike someone in the face. 
Howard responded that such an injury was possible. Howard also testified that person
could break a bone in his hand by "flailing about" while being held in a headlock. 
Howard testified that "flailing" would likely cause a broken finger, whereas punching
would likely cause a broken knuckle.

 During this testimony, appellant, who was sitting at counsel table, raised an x-ray to look at it through the lights. The trial judge told appellant, "Put that down." 
Appellant placed the x-ray back in the folder he was holding.

 On appeal, appellant contends he was prevented the opportunity to show that
he fractured his hand near his wrist, and not at the knuckle. We disagree. The trial
judge merely admonished appellant to put down the x-ray during Howard's testimony;
he did not prevent appellant from offering the x-ray into evidence or questioning any
witness about the x-ray. In fact, appellant testified that he had broken his hand near
the wrist, but he never attempted to have the x-ray admitted into evidence. The trial
court did not err by preventing appellant from displaying an exhibit that had not yet
been determined to be admissible. See Tex. R. Evid. 104(a).

 Accordingly, we overrule points of error three, four, and five.

C. The Demonstration

 In points of error six and seven, appellant contends the trial court erred by
failing to instruct the jury to disregard a courtroom demonstration by the prosecutor.
During cross-examination of appellant, the prosecutor attempted to demonstrate
appellant's testimony by using another prosecutor to re-enact the altercation. As the
prosecutors were attempting to demonstrate appellant's testimony, appellant would
correct them and the prosecutors would adjust their positioning. At one point, the
prosecutor commented that she was having a problem carrying out the demonstration
as described by appellant. Defense counsel objected to the comment, the trial court
sustained the objection, and instructed the jury, "Members of the jury, your verdict
will be based on what you hear from the witness stand and what I give you in way of
the law."

 The demonstration continued, until the following exchange occurred:

 [The Prosecutor]: How were you positioned? How was your body
positioned?


 [Appellant]: Well the exact positioning of my body, I don't remember if
I was in a slight crouch. I do remember that his face was right here. And
I was slapping his face and I hit his glasses and broke his glasses and
caused him to have two black eyes with the back of my hand which broke
my hand.


 [The Prosecutor]: Okay. Go ahead and slap me, Shannon (the other
prosecutor participating in the demonstration).


 [Appellant]: No.


 [Defense Counsel]: Judge, I object to this whole demonstration. Number
one, the people are not the same size as the people involved in the
altercation. Number two, this is a demonstration that is self-serving to
the State. Shannon can do whatever she wants to do and keeps doing it
even when she's not asked to, to show some kind of inability to strike. 
I object to this whole demonstration.


 [The Prosecutor]: I'm just trying to understand exactly how the defendant
. . . 


 [The Court]: Oh, I think it's okay for you to move on to the next topic.


 [The Prosecutor]: Thank you, Your Honor.


 [Defense Counsel]: Judge, may I have a ruling on the objection?


 [The Court]: I have already told the jury that they will base their verdict
on what they hear from the witness stand.


 [Defense Counsel]: I understand, Judge, but I need a ruling on that.


 [The Court]: I've already ruled on that. I sustained your objection.


 [Defense Counsel]: But, you will not give me the instruction.


 [The Court]: Members of the jury - I'm not going to instruct them to
disregard it. I'm not going to do that.


 [Defense Counsel]: Thank you. Note my objection.

 

 We review the trial court's admission of a demonstration for an abuse of
discretion. Lewis v. State, 933 S.W.2d 172, 176 (Tex. App.--Corpus Christi, 1996,
pet. ref'd). To be admissible, an experiment or demonstration must be conducted
under conditions similar to the event it purports to duplicate. Cantu v. State, 738
S.W.2d 249, 255 (Tex. Crim. App. 1987).

 In this case, the trial court stated on the record, but outside the jury's hearing,
"I want to make it very clear [for the record] that the motion [the prosecutor] was
making was exactly the same as the witness's." Although appellant claims that the
demonstration was "self-serving" for the State, he fails to show how it was inaccurate. 
Furthermore, he was allowed to explain his version of the altercation, and could have,
but did not, perform his own demonstration to correct any perceived deficiencies with
the State's demonstration.

 Accordingly, we hold that the trial court did not abuse its discretion by failing
to instruct the jury to disregard the State's demonstration.

 We overrule points of error six and seven.

D. Motion for Instructed Verdict

 In points of error eight and nine, appellant contends the trial court erred by
denying his motion for an instructed verdict. We review this in the same manner we
review a challenge to the legal sufficiency of the evidence. See Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1990). If the evidence is legally sufficient, the trial
court does not err by overruling a motion for instructed verdict. Id. We follow the
usual standard of review for determining whether the evidence was legally sufficient. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

 Appellant argues that Stein struck him first, and that Stein's injuries were
caused when appellant was "flailing about" as Stein held him in a headlock. Appellant
also points out that Stein had a motive to lie on the stand because a criminal
conviction of appellant would assist Stein in a civil suit Stein had filed against
appellant. Finally, appellant points out what he believes are inconsistencies in Stein's
testimony.

 The jury heard both men's version of the events. Stein testified that appellant
hit him first, while appellant testified that Stein threw the first punch. The jury was
entitled to believe Stein and disbelieve appellant. See Beckham v. State, 29 S.W.3d
148, 151 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd).

 Accordingly, we overrule points of error eight and nine.

E. Jury Argument

 In points of error ten and 11, appellant complains of improper jury argument by
the prosecutor. However, appellant lodged no objections to any portion of the
prosecutor's argument. Points of error ten and 11 are waived. See Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

F. Remaining Points of Error

 In the remaining points of error, appellant contends this Court erred by, among
other things: (1) denying him a complete record; (2) permitting his retained attorney
to withdraw from the case after filing a notice of appeal; (1) and (3) refusing to recuse
all justices on this Court. None of the remaining points of error address the validity
of appellant's conviction or provide a basis for reversing appellant's conviction. 
Accordingly, we decline to revisit the issues raised by appellant by addressing them
in this opinion. See Tex. R. App. P. 47.1 (stating court of appeals must issue opinion
addressing every issue raised and necessary to final disposition of appeal).

 We overrule all pending motions in this Court and affirm the judgment of the
trial court.




 Frank C. Price (2)

 Chief Justice


Panel consists of Justices Nuchia, Radack, and Price.


Do not publish. Tex. R. App. P. 47.
1. ' 
 
 
 
 
 
 
 - 
 
 
 ' 
 ' 
2.