TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00777-CR






Christopher Bryan Wallace, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 01-079-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




Christopher Bryan Wallace seeks appellate review of an order of the district court
denying bail pending his appeal from a theft conviction. See Tex. Code Crim. Proc. Ann. art.
44.04(g) (West Supp. 2003). Because Wallace did not perfect his appeal to this Court, we must
dismiss.

The jury assessed Wallace's punishment in this cause at imprisonment for five years
and a $10,000 fine. On November 26, 2003, the district court imposed sentence after granting the
State's motion to cumulate this sentence with the sentence imposed in a Lampasas County case. See
id. art. 42.08(a). That same day, the court denied Wallace's request for bail pending appeal,
apparently on the ground that the cumulative total of the two sentences is ten years or more. See id.
art. 44.04(b). Wallace filed a notice of appeal from the conviction, but he did not file a notice of
appeal from the order denying bail. Instead, he has treated this matter as if it were an original
proceeding in this Court.

Article 44.04(g) provides expedited appellate review of trial court orders regarding
bail pending appeal. An article 44.04(g) appeal is separate and distinct from the appeal of the
underlying conviction and must be initiated by a separate notice of appeal. Ex parte Enriquez, 2
S.W.3d 362, 363 (Tex. App.--Waco 1999, no pet.); Margoitta v. State, 987 S.W.2d 611, 612 (Tex.
App.--Waco 1999, no pet.); White v. State, 629 S.W.2d 262 (Tex. App.--Tyler 1982, no pet.); see
Tex. R. App. P. 31.1. Because he did not file a notice of appeal from the order denying bail, Wallace
did not invoke this Court's jurisdiction under article 44.04(g). Enriquez, 2 S.W.3d at 363; White,
629 S.W.2d at 263. Wallace may still seek relief by applying for a writ of habeas corpus. See Ex
parte Spaulding, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); Enriquez, 2 S.W.3d at 363.

The appeal is dismissed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: January 16, 2003

Do Not Publish