

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00303-CR

**LORETTA J. MESERVE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 36,293

## O R D E R

Loretta Meserve was charged with theft, a felony offense. The trial court deferred an adjudication of guilt and placed her on community supervision for 5 years. Two years later, on the State's amended application to proceed to a final adjudication, the trial court adjudicated Meserve guilty of theft and sentenced her to 24 months in a State Jail facility. Meserve appealed that determination, and her appeal is pending with

this Court.[1]  Meserve has court-appointed appellate counsel.

On August 26, 2013, we received a letter from Meserve, without the aid of her attorney, informing us that the trial court denied an "appeal bond" for her in the underlying theft case and asking us to either order the trial court to set an affordable appeal bond or set the bond ourselves.  This is an unusual circumstance for this Court to consider.

A defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of certain offenses not applicable here.  TEX. CODE CRIM. PROC. ANN. art. 44.04(b) (West 2006).  In other felony convictions, however, the trial court may release the defendant on reasonable bail or may deny bail and commit the defendant to custody if there exists good cause to believe the defendant would not appear when his conviction became final or is likely to commit another offense.  *Id*. (c). A defendant has a right to appeal a trial court's decision on bail pending appeal.  *Id*. (g).

Because Meserve's sentence was only 24 months and she was not convicted of an offense that would prohibit her release, she was eligible for release on bail pending appeal.  And because bail pending appeal was denied by the trial court, and it appears Meserve wants to challenge that decision, she has the right to appeal.  Accordingly, by this order we file Meserve's letter of August 26, 2013 as a notice of appeal and docket

[1] The case number for her appeal is 10-12-00415-CR.

this appeal separate from the appeal of her theft conviction. *See Margoitta v. State*, 987 S.W.2d 611, 612 (Tex. App.—Waco 1999, order). Although this type of appeal is not accelerated, it is given preferential treatment by this Court. TEX. CODE CRIM. PROC. ANN. art. 44.04(g) (West 2006).

Further, we abate this appeal to the trial court for the appointment of counsel for Meserve. A defendant, as with the underlying criminal conviction, has the right to appeal an order regarding bail on appeal. *Id*.; *compare id*. at 44.02. Thus, a defendant also has the right to appointed counsel on his appeal of an order regarding bail on appeal. *See Ayala v. State*, 633 S.W.2d 526, 527 (Tex. Crim. App. 1982) (if a State chooses to provide a right to appellate review, it may not deny indigent defendants the benefit of counsel). We note, however, that, as a practical matter, the trial court may want to appoint the same counsel for Meserve in this appeal as in her appeal of her theft conviction. We see no reason why counsel appointed to represent Meserve in her appeal of her theft conviction would not also have pursued the appeal of the denial of bail pending appeal. But, there may be an issue or consideration of which we are not aware which may affect the representation of Meserve by current appointed counsel in the appeal of the denial of bail on appeal. Accordingly, we do not order trial court to appoint the same counsel, but only suggest that the appointment of the same counsel may be appropriate.

Additionally, while this proceeding is abated, we ask the trial court to complete a certification of defendant's right of appeal since his ruling was a separately appealable order. *See* TEX. R. APP. P. 25.2(a)(2), (d).

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal filed and abated
Order issued and filed September 5, 2013