**Opinion issued November 6, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00819-CR

————————————

## IN RE RODOLFO ESTRADA, JR., Relator

---

### Original Proceeding on Application for Writ of Habeas Corpus

---

### MEMORANDUM OPINION

Relator, Rodolfo Estrada, Jr., has filed an "Application for Writ of Habeas Corpus to Set an Appeal Bond," contending that, pending his appeal of his conviction, he is being unlawfully confined and restrained without benefit of bail

and has been denied bail "in abridgement of his constitutional and statutory right of bail."[1] We dismiss the application for want of jurisdiction.

This Court does not have "original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.) (citing TEX. GOV'T CODE ANN. § 22.221(d) (West 2004) and *Ex parte Enriquez*, 2 S.W.3d 362, 363 & n.1 (Tex. App.—Waco 1999, orig. proceeding) (mem. op.)); *see Chavez v. State,* 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing TEX. GOV'T CODE ANN. § 22.221 (West 2004)) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases."). Only the Texas Court of Criminal Appeals has jurisdiction to grant relief in a post-conviction habeas corpus proceeding when there is a final conviction in a felony case. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013).

Accordingly, we dismiss the application for want of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.
Do not publish.   TEX. R. APP. P. 47.2(b).

---

[1] The petition identifies the underlying case as *Rodolfo Estrada, Jr. v. The State of Texas*, cause no. 1321081, in the 174th District Court of Harris County Texas, the Honorable Ruben Guerrero presiding.