**Opinion issued October 13, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00786-CR

_____

## IN RE DERRICK LEE THOMAS, Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

### MEMORANDUM OPINION

Relator, Derrick Lee Thomas, has filed a "Petition for Writ of Habeas Corpus for Bond Reduction," contending that he is being unlawfully confined and restrained and the required bail is excessive.[1] Relator seeks issuance of a writ of

---

[1]     Relator's petition identifies the underlying cause as *Derrick Lee Thomas v. The State of Texas*, cause number 1386629, in the 262nd District Court of Harris County, Texas, the Honorable Denise Bradley, presiding. This Court's records reflect that a jury found relator guilty of the felony offense of possession of a controlled substance, namely cocaine, weighing less than one gram, and the trial

habeas corpus and an order discharging him from custody, or a reduction in the amount of the bond.

This Court does not have "original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.) (citing TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004); *Ex parte Enriquez*, 2 S.W.3d 362, 363 & n.1 (Tex. App.—Waco 1999, orig. proceeding) (mem. op.)); *see Ex parte Barnes*, No. 03-13-00429-CV, 2013 WL 3723333, at *1 (Tex. App.—Austin July 12, 2013, orig. proceeding) (mem. op.) (dismissing for want of jurisdiction application for writ of habeas corpus seeking release or reduction in appeal bond when relator was convicted of felony offense of aggravated assault). In criminal matters, our habeas corpus jurisdiction is appellate only, and we do not have original habeas corpus jurisdiction. *Ex parte Denby,* 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also Chavez v. State,* 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004)) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases.")

Accordingly, we dismiss the petition for want of jurisdiction.

---

court assessed his punishment at confinement for five years. *See Thomas v. State*, No. 01-14-00332-CR, 2015 WL 5076292, at *1 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, no. pet. h.).

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).