ACCEPTED
03-14-00270-CV
7439127
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/19/2015 3:44:38 PM
JEFFREY D. KYLE
CLERK

NO.03-14-00270-CR

<table>
<tr><td>IN THE 3rd DISTRICT COURT OF APPEALS<br>AUSTIN, TEXAS</td><td>FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS<br>10/19/2015 3:44:38 PM<br>JEFFREY D. KYLE<br>Clerk</td></tr>
</table>

On appeal from the 207th District Court
of Comal County, Texas

## MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

CHRISTOPHER GRAHAM, appellant, makes this Motion for Rehearing and in support of this motion shows as follows:

### I.      ISSUE PRESENTED

Appellant filed an Application for Habeas Corpus in the trial court where the Court did not grant the writ or take the actions as requested by Appellant concerning the application.  Such contrary action constitutes a decision on the merits of the application entitling Appellant to appellate review.

### II.      LEGAL STANDARD

1. A writ of habeas corpus is an order from a judge commanding a party, who is alleged to be restraining the applicant in some way, to appear before the court with the object of the alleged restraint and explain the reasons for the restraint. Tex. Code Crim. Proc. art. 11.01; *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.

Motion for Rehearing 1

Crim. App. 1991). The well-established rule of law is the when an application for habeas corpus alleging unlawful restraint is presented to a judge who refuses to issue a writ commanding the person having the applicant in custody to produce him for a determination of the allegations in the application, no appeal lies. *Ex parte Hargett,* 819 S.W.2d at 868; *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978) (applying principle to article 11.09 writs); *Ex parte Reese*, 666 S.W.2d 675, 677 (Tex. App.--Fort Worth 1984, pet. ref'd) (applying principle to article 11.07 writs). When the trial judge denies the writ, a petitioner's remedy is to "present his application to another judge having jurisdiction." *Ex parte Johnson*, 561 S.W.2d at 842; *see also Ex parte Hargett,* 819 S.W.2d at 868.

2. Conversely, when a hearing is held on the merits of the applicant's claim for relief and the trial court rules on the merits of that claim, the losing party may appeal regardless of whether the trial court issued a writ of habeas corpus. *Ex parte Hargett*, 819 S.W.2d at 868; *Ex parte Reese*, 666 S.W.2d at 677.

3. When trial court does not issue the requested writ of habeas corpus, and does not dismiss the application either; but instead, undertakes to rule on the merits of applicant's claim, the court of appeals has jurisdiction over applicant's appeal. *Ex parte Hargett*, 819 S.W.2d at 869 (footnote omitted). Therefore, under *Ex parte Hargett*, the crucial question is not whether the trial court did or did not issue the writ, but whether the court did or did not consider and resolve the merits of the

Motion for Rehearing 2

petition. *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.--Austin 2000, pet. ref'd).

4. Here there was an application that was filed by the Movant, as well as a subsequent request to either to set the application for hearing or make a ruling on the motion. When the Court acted contrary to movant's request, it effectively denied Movant's request for relief and the Court made a decision as to the merits of Appellant's application for Habeas Corpus, thereby entitling Movant to appellate review. It is improper that this case be dismissed because of lack of jurisdiction. Jurisdiction is proper in this case.

Respectfully submitted,

Lauren Graham & Associates PLLC

By:

CHRISTOPHER L. GRAHAM
Texas Bar No. 24047549
PO Box 226265
Dallas, Texas 75222

clgraham@lgi-law.com

## CERTIFICATE OF SERVICE

This is to certify that on 10/19/2015, a true and correct copy of the above and foregoing document was served on the following parties: /s/ Christopher Graham

Motion for Rehearing 3

Comal County District Attorney via fax: 830-608-2008

Judge Gary Steel via fax: 830-608-2030

Judge Doug Shaver: 830-608-2030

## WORD COUNT CERTIFICATE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this appellate brief contains 581 words. This is a computer-generated document created in Microsoft Word. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.