**Opinion filed July 21, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00193-CR

_____

## EX PARTE KEPHREN THOMAS

**Original Proceeding**

## M E M O R A N D U M   O P I N I O N

Kephren Thomas has filed in this court an application for writ of habeas corpus in which he asserts that he has been indicted for a felony offense and that he is being illegally restrained by the Sheriff of Midland County. Thomas raises several contentions in his application and requests that we issue a writ of habeas corpus. We dismiss for want of jurisdiction.

This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West 2004) (limited writ powers granted to the courts of appeals). An intermediate

appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding). We note that the Texas Code of Criminal Procedure provides that a person who is confined after indictment on a felony charge may apply for a writ of habeas corpus in the district court in which he is indicted. TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). Because we have no jurisdiction to issue a writ of habeas corpus in this original proceeding, we must dismiss.

This proceeding is dismissed for want of jurisdiction.

PER CURIAM

July 21, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2