**Opinion filed June 6, 2019**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00161-CR, 11-19-00162-CR, & 11-19-00163-CR

_____

## EX PARTE DOUGLAS CLINTON SIDDLE

**Original Habeas Corpus Proceedings**

## M E M O R A N D U M   O P I N I O N

Douglas Clinton Siddle has filed in this court pro se applications for writ of habeas corpus related to three causes pending in the 35th Judicial District Court of Brown County. The district court, on motion of the State, increased Siddle's bond in the three pending causes to $100,000, $100,000, and $150,000. Siddle asserts that these amounts are excessive, and he asks this court to issue a writ of habeas corpus and reduce the amount of his bond in each cause. We dismiss these proceedings.

When these cases were docketed, the clerk of this court sent a letter to Siddle questioning this court's jurisdiction and asking Siddle to respond and show grounds to continue. Siddle has filed a response in which he states that this court has

jurisdiction because a writ of habeas corpus is a writ of right and shall never be suspended.

This court, however, has no jurisdiction over these original writs of habeas corpus. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2018) (limited writ powers granted to the courts of appeals). An intermediate appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding); *Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus).

We note that the Texas Code of Criminal Procedure provides that a person who is confined after indictment on a felony charge may apply for a writ of habeas corpus in the district court in which he is indicted. CRIM. PROC. art. 11.08. We note also that a notice of appeal may be filed from the denial of such an application. *See, e.g.*, *Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 & n.2 (Tex. App.—Fort Worth May 5, 2016, pet. dism'd) (mem. op., not designated for publication). Appellant did not file a notice of appeal from any such order of the trial court; instead, he filed original applications for writ of habeas corpus in this court.

2

For the above reasons, the applications for writ of habeas corpus are dismissed for want of jurisdiction.

PER CURIAM

June 6, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment. +