**Opinion filed December 18, 2020**



### In The

# Eleventh Court of Appeals

_____

## Nos. 11-20-00275-CR & 11-20-00276-CR

_____

## EX PARTE DANIEL RAY GARCIA

**Original Habeas Corpus Proceedings**

## M E M O R A N D U M   O P I N I O N

Daniel Ray Garcia has filed in this court a pro se application for writ of habeas corpus related to two causes pending in the 106th District Court of Gaines County. Garcia asserts that he is being unlawfully restrained while waiting for trial. According to Garcia, the bond in one cause was set at $750,000, and no bond was allowed in the other cause. Garcia asks this court to set a reasonable bond in each cause. We dismiss these proceedings.

This court has no jurisdiction over these original writs of habeas corpus. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction

as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2020) (limited writ powers granted to the courts of appeals). An intermediate appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding); *Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus).

We note that the Texas Code of Criminal Procedure provides that a person who is confined after indictment on a felony charge may apply for a writ of habeas corpus in the district court in which he is indicted. CRIM. PROC. art. 11.08. We note also that a notice of appeal may be filed from the denial of such an application. *See, e.g.*, *Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 & n.2 (Tex. App.—Fort Worth May 5, 2016, pet. dism'd) (mem. op., not designated for publication); *see also Jones v. State*, 803 S.W.2d 712, 713 (Tex. Crim. App. 1991). Garcia did not file a notice of appeal from any such order of the trial court; instead, he filed original applications for writ of habeas corpus in this court.

For the above reasons, the application for writ of habeas corpus in each cause is dismissed for want of jurisdiction.

December 18, 2020                  PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.