**Opinion filed May 20, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00088-CR

_____

## EX PARTE CHRISTOPHER HUMBLE

**Original Habeas Corpus Proceeding**

## M E M O R A N D U M   O P I N I O N

Christopher Humble has filed in this court a pro se application for writ of habeas corpus related to a cause pending in the 70th District Court of Ector County. Humble asserts that he is being unlawfully restrained while awaiting trial on an indicted charge and an unindicted charge, and he asks to be released from confinement. We dismiss this proceeding.

This court has no jurisdiction over Humble's original application for writ of habeas corpus. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221

(West Supp. 2020) (limited writ powers granted to the courts of appeals). Furthermore, an intermediate appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding); *Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus).

We note that the Texas Code of Criminal Procedure provides that a person who is confined after indictment on a felony charge may apply for a writ of habeas corpus in the district court in which he is indicted. CRIM. PROC. art. 11.08. We note also that a notice of appeal may be filed from the denial of such an application. *See, e.g.*, *Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 & n.2 (Tex. App.—Fort Worth May 5, 2016, pet. dism'd) (mem. op., not designated for publication); *see also Jones v. State*, 803 S.W.2d 712, 713 (Tex. Crim. App. 1991). Humble did not file a notice of appeal from any such order of the trial court; instead, he filed an original application for writ of habeas corpus in this court.

For the above reasons, the application for writ of habeas corpus is dismissed for want of jurisdiction.

PER CURIAM

May 20, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.