**Opinion filed January 13, 2022**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00006-CR & 11-22-00007-CR

_____

## EX PARTE MIGUEL MANUEL VILLALOBOS JR.

**Original Habeas Corpus Proceedings**

### M E M O R A N D U M   O P I N I O N

Miguel Manuel Villalobos Jr. has filed in this court a pro se application for writ of habeas corpus related to two causes pending in Gaines County: Cause Nos. 21-5641 and 21-5650. Villalobos asserts that he is innocent and that he is being illegally restrained, and he asks this court for habeas relief. We dismiss these proceedings.

This court has no jurisdiction over Villalobos's original application for writ of habeas corpus. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN.

§ 22.221 (West Supp. 2021) (limited writ powers granted to the courts of appeals). Furthermore, an intermediate appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding); *Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus).

Because we lack jurisdiction over Villalobos's application for writ of habeas corpus, we dismiss these proceedings for want of jurisdiction.

PER CURIAM

January 13, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2