**Opinion filed January 20, 2022**



**In The**

# Eleventh Court of Appeals

_____

## Nos. 11-22-00011-CR & 11-22-00012-CR

_____

## EX PARTE JAMES CARRILLO GARCIA

---

**Original Habeas Corpus Proceedings**

---

## M E M O R A N D U M   O P I N I O N

James Carrillo Garcia has filed in this court a pro se application for writ of habeas corpus related to two causes pending in the 106th District Court of Gaines County: Cause Nos. 21-5627 and 21-5628.[1]  Garcia asserts that his constitutional rights are being violated and that he is being illegally restrained, and he asks this court for habeas relief.  We dismiss these proceedings.

---

[1]In correspondence attached to his application, Garcia stated that he previously sent the application to the Gaines County District Clerk but that she returned it to Garcia.  When a person who is confined after indictment on a felony charge wishes to seek relief by way of habeas corpus, "he may apply to the judge of the court in which he is indicted."  TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015).  Because Garcia has already attempted to file his application with the district clerk, we are forwarding his application to the district clerk with instructions that it be filed there.

This court has no jurisdiction over Garcia's original application for writ of habeas corpus. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2021) (limited writ powers granted to the courts of appeals). Furthermore, an intermediate appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding); *Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus).

Because we lack jurisdiction over Garcia's application for writ of habeas corpus, we dismiss these proceedings for want of jurisdiction.

PER CURIAM

January 20, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2