**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed March 10, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00114-CR

## IN RE ANDRE LATROI WILLIAMS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1642742**

## MEMORANDUM OPINION

On February 23, 2022, relator Andre Latroi Williams filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Abigail Anstasio, presiding judge of the 184th District Court of Harris County, to set a reasonable bond pending appeal.

Relator pleaded guilty to the offense of robbery-threats. The trial court held the pre-sentence investigation hearing on January 6, 2022, and the sentencing hearing on January 12, 2022. The trial court sentenced relator to eight years' incarceration in the Texas Department of Criminal Justice. On January 26, 2022, relator filed a motion to set reasonable bail pending motion for new trial. Relator does not state whether the trial court has ruled on the motion to set bail no higher than $5,000.

Original jurisdiction to grant a habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. art. 11.05; *Ex parte Hawkins*, 885 S.W.3d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). We do not have original habeas corpus jurisdiction to consider a challenge to the denial of bail. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding); *Ex parte Enrique*, 2 S.W.3d 362, 363 & n.1 (Tex. App.—Waco 1999, no pet.); *see also* Tex. Gov't Code § 22.221(d) (providing that original habeas jurisdiction of courts of appeals is limited to cases in which a person's liberty is restrained because individual violated order, judgment, or decree previously entered in civil case).

Accordingly, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction.[1]

---

[1] Moreover, relator has the right to appeal an order denying him bail pending his appeal. *See* Tex. Code Crim. Proc. art. 44.04(g) (providing for preferential appeal for complaints about trial court's action in denying bail pending appeal). *Id.* An appeal from an order denying bail pending appeal is separate from the appeal of conviction and must be perfected by a separate notice of appeal. *Enrique*, 2 S.W.3d at 363.

PER CURIAM

Panel consists of Justices Wise, Poissant, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).