**Opinion filed March 31, 2022**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-22-00068-CR

_____

## EX PARTE TIMOTHY KLINE

**Original Proceeding**

### MEMORANDUM OPINION

Timothy Kline has filed in this court a pro se "Motion for PR Bond" (personal recognizance bond). Kline's motion relates to a cause that is apparently pending in Stephens County. Kline asserts that he has requested similar relief from the 90th District Court but has not received a ruling from that court. By his "Motion for PR Bond" filed in this court, Kline essentially seeks original habeas corpus relief. Because we lack jurisdiction to grant the relief requested by Kline, we dismiss this proceeding.

Kline asks this court to "honor" his motion for a PR bond and to dismiss any and all bond conditions required by Stephens County. Thus, Kline seeks to have this

court exercise original jurisdiction and set bail in the underlying case. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2021) (limited writ powers granted to the courts of appeals). Furthermore, an intermediate appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding); *Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus). Because Kline, in his motion, actually seeks original habeas relief, we have no jurisdiction in this matter. We are not authorized to grant the relief that Kline seeks in his motion.

Because we lack jurisdiction over Kline's "Motion for PR Bond," we dismiss this proceeding for want of jurisdiction.

PER CURIAM

March 31, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2