NO. 07-09-0342-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 16, 2009
_____

OCTAVIO ORTIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;

NO. CR01475; HONORABLE WILLIAM D. SMITH, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Octavio Ortiz attempts to challenge an order denying bail pending appeal. Finding we lack original habeas corpus jurisdiction and his attempt to invoke this court's appellate jurisdiction was untimely, we will dismiss the case for want of jurisdiction.

Background

Pursuant to a plea bargain agreement, appellant plead guilty to the offense of possession of a controlled substance of more than one gram but less than four grams.[1] Punishment was assessed at five years confinement in prison. Confinement was suspended and appellant placed on two years community supervision.

The State subsequently filed a motion to revoke appellant's community supervision. Following a hearing on August 4, 2009, the trial court granted the State's motion and assessed punishment at five years confinement. A judgment to that effect was signed the same day. At the hearing, appellant also requested bail pending appeal. This was denied by a written order also signed on August 4.

On August 4, appellant filed notice of appeal of the trial court's judgment. The notice was filed in this court on August 7, and the case assigned number 07-09-0263-CR. It remains pending.

On October 21, appellant filed in this court a document entitled "Application for Writ of Habeas Corpus and Accelerated Appeal Regarding Denial of Appeal Bond." In part, it asserted appellant's entitlement to bail on appeal and sought accelerated review of the August 4 order denying bail. The document concluded with the request that this court "issue a writ of habeas corpus and allow Appellant a reasonable appeal bond pending appeal." Treating the filing as an attempted initiation of an original proceeding or as

---

[1] *See* Tex. Health & Safety Code § 481.115(c) (Vernon Supp. 2009).

invoking our appellate jurisdiction, we assigned the case number 07-09-0342-CR. We questioned our jurisdiction to grant the relief requested by the October 21 filing, and so notified appellant by letter affording him an opportunity to respond.

On October 29, appellant filed a document in case number 07-09-0263-CR entitled "Motion for Accelerated Appeal Regarding Denial of Appeal Bond." The document appeared substantially in form like appellant's October 21 filing except it concluded with the request that we "review the trial court's denial of bond herein and allow Appellant a reasonable appeal bond pending appeal."

The following day, October 30, appellant filed a motion requesting dismissal of case number 07-09-0342-CR.[2] In the document, appellant stated he timely filed a notice of appeal of the order denying bail on appeal and the judgment revoking community supervision. Appellant added that he mis-labeled the October 21 document, intending it merely as a request for accelerated appeal of case number 07-09-0263-CR.

On our own motion, we consider our appellate jurisdiction of case number 09-0342-CR. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, *sua sponte*).

---

[2] While signed by counsel, the motion did not contain the required signature of appellant. Tex. R. App. P. 44.2(a).

3

Discussion

*Habeas Corpus Jurisdiction*

A court of appeals does not possess original habeas corpus jurisdiction of a bail issue. *Ex parte Enriquez,* 2 S.W.3d 362, 363 & n.1 (Tex.App.–Waco 1999, no pet.) (mem. op.) (per curiam); *see* Tex. Gov't Code Ann. § 22.221(d) (Vernon 2006) (original habeas jurisdiction of the courts of appeals is limited to cases in which a person's liberty is restrained because the person violated an order, judgment, or decree entered in a civil case); *cf.* Tex. R. App. P. 31.1 (pertaining to appellate review of a trial court order in a habeas corpus or bail proceeding).  Therefore, to the extent appellant intended to initiate an original proceeding in this court challenging his denial of bail on appeal by petition for writ of habeas corpus, we are without jurisdiction.

*Appellate Jurisdiction*

In matters of bond pending appeal, Code of Criminal Procedure article 44.04(g) provides:

> The right of appeal to the Court of Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall be given preference by the appellate court.

Tex. Code Crim. Proc. Ann. art. 44.04(g) (Vernon 2006).  The statute does not merely make appealable an order denying bail on appeal.  Rather, it provides a separate,

4

expedited appeal of such orders.[3]  The appellate rules applying to an appeal of a bail

determination are contained in Rule of Appellate Procedure 31.  *See* Tex. R. App. P. 31.

An article 44.04(g) appeal "is separate from the appeal of the conviction and punishment,

and it must be perfected by a separate notice of appeal . . . ."  *Davis v. State,* 71 S.W.3d

844, 845 (Tex.App.–Texarkana 2002, no pet.) (*citing Enriquez,* 2 S.W.3d at 363); *see*

*Delangel v. State,* 132 S.W.3d 491, 494 (Tex.App.–Houston [1st Dist.] 2004, no pet.)

("[b]ecause the trial court necessarily sets such bail after final judgment . . . this appeal is

separate from any appeal of the conviction and punishment and must be perfected by a

separate notice of appeal").  *See also White v. State,* 629 S.W.2d 262, 262-63

(Tex.App.–Tyler 1982, no pet.) (per curiam) (requiring separate notice of appeal).

To perfect an appeal in criminal cases when no motion for new trial is filed, a notice

of appeal must be filed within thirty days after the day sentence is imposed, or after the day

the trial court enters an appealable order.  Tex. R. App. P. 26.2(1).  It has been held that

"entered" by the court means a signed, written order.  *See, e.g., State ex rel. Sutton v.*

*Bage,* 822 S.W.2d 55, 56 (Tex.Crim.App. 1992); *State v. Rollins,* 4 S.W.3d 453, 454

---

[3] An appeal separate from that challenging the judgment of guilt and punishment is necessary because of the trial court's continuing jurisdiction over bail issues pending finality of conviction.  Thus, a request for bail may be initiated substantially later than entry of judgment; even after appellate briefing on the merits of the case.  *See* Tex. Code Crim. Proc. Ann. art. 44.04(c) (Vernon 2006).  The appeal should receive preferential handling because "[t]he object of bail is to permit the defendant to retain some measure of liberty until final disposition of the accusations brought against him.  In regard to bail pending appeal, the issue should be resolved at the inception of the appeal when the defendant can still derive some benefit from a bond."  *Faerman v. State,* 966 S.W.2d 843, 848 (Tex.App.–Houston [14th Dist.] 1998, no pet.).  Said differently, raising a bail issue in an appeal of conviction and punishment is ineffectual because the appeal is not accelerated.  Hence, by the time the bail issue is considered, the appeal is at its conclusion.  *Id*.

(Tex.App.–Austin 1999, no pet.). Appeals under article 44.04(g) are subject to the appellate timetable. *See In re McClain,* No. 12-08-00039-CR, 2008 WL 186640, at *1 n.2 (Tex.App.–Tyler Jan. 23, 2008) (orig. proceeding) (mem. op.) (not designated for publication) (court noted habeas application, even if treated as notice of appeal, was untimely since it was not filed within thirty days after the trial court entered an appealable order); Tex. R. App. P. 26.2(a). An appellate court lacks jurisdiction to consider an appeal absent a timely filed notice of appeal. *Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998) (per curiam).

Appeal of the August 4 order denying bail required a separate appeal perfected by a timely-filed notice. Even were we to treat appellant's October 21 document as a notice of appeal, it was untimely.

Conclusion

Whether by original habeas corpus proceeding or direct appeal, we are without jurisdiction to review the August 4 order denying bail on appeal. On our own motion, we dismiss case number 07-09-0342-CR.[4]

James T. Campbell
Justice

Publish.

---

[4] The situation presented here is unusual in that we lack appellate jurisdiction to review the trial court's August 4 order denying bail on appeal but the trial court retains jurisdiction to admit appellant to bail on a new application. *See* Tex. Code Crim. Proc. Ann. art. 44.04(c) (Vernon 2006). Whether to admit or deny bail is an issue not before us and on which we express no opinion.