Opinion issued April
12, 2012.

 



 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-12-00180-CR

NO. 01-12-00181-CR

____________

 








IN RE CURLEY JAMES BOYKIN, Relator

 

 

Original Proceedings on Petitions for Writ of Habeas
Corpus

 

 



MEMORANDUM
OPINION








          Relator,
Curley James Boykin, has filed, pro se, a “Petition for Writ of Habeas Corpus Bail
Reduction or Personal Bail” in appellate cause number 01-12-00180-CR and a pro
se “Application for Writ of Habeas Corpus for Bail Reduction or Personal Bail” in
appellate cause number 01-12-00181-CR.  See Tex.
R. App. P. 52.1.  

          We
dismiss both the application and the petition.

On October 11, 2011, a Harris County
grand jury issued a true bill of indictment, accusing relator of commiting the
felony offense of possession of a controlled substance with intent to deliver.  On January 13, 2012, relator filed a document
in the trial court entitled “Habeas Corpus to Appeal Bail Ruling Defendant is
Entitled to Be Released on Personal Bond.”[1]  No order appears in the record related to this
filing.

In his application and petition,
relator asserts that the trial court “denied habeas corpus relief on February
7, 2012,” that he is petitioning this Court to reduce his bail or for “personal
bail,” and that the trial court abused its discretion in denying his “request
for procedure [sic] due process.”  

We do not have original habeas corpus
jurisdiction in felony cases.  See Tex.
Const. art. V, § 6; Tex. Code
Crim. Proc. Ann. arts. 4.03, 11.07 § 2 (West 2004); Tex. Gov’t Code Ann. § 22.221 (West
Supp. 2011); Ortiz v. State, 299
S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); Chavez v. State, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.]
2004, no pet.); cf. Tex. R. App. P. 31.1 (pertaining to
appellate review of a judgment or order in a habeas corpus or bail proceeding).


Furthermore, even if we construe the
application and petition as appeals of an order or orders of the trial court
denying a petition or petitions for a writ of habeas corpus, the record
contains no such order.  Unless a written,
signed order of the trial court appears in the record, we have no jurisdiction
over an appeal.  See Broussard v. State, 01-10-00458-CR, 2010 WL 4056861, *2 (Tex.
App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (not designated for
publication); Wallace v. State, Nos.
12-01-00353-CR, 12-01-00354-CR, 2002 WL 657396, *1 (Tex. App.—Tyler April 12,
2002, no pet.) (not designated for publication); Lowe v. State, No. 14-00-01110-CR, 2001 WL 101771, *2 (Tex.
App.—Houston [14th Dist.] Feb. 8, 2001, no pet.) (not designated for
publication); cf. Tex. R. App. P. 34.5(a)(5) (requiring copy
of order that is being appealed to appear in record).

On March 9, 2012, we notified the appellant
that these two causes were subject to dismissal for want of jurisdiction
unless, by March 19, 2012, he filed a response showing that this Court has
jurisdiction over them.  Appellant did
not respond.

Accordingly, we dismiss the application
and the petition for lack of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).  We dismiss all pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]           No
record has been filed in either appellate cause number.  However, relator’s complaints arise out of
the same trial court cause as his appeal docketed under appellate cause number
01-11-01117-CR.  The trial court clerk
filed a record in that number cause on February 15, 2012.  Relator dated his petition in cause number
01-12-00180-CR on February 10, 2012, and he dated his application in cause
01-12-00181-CR on February 14, 2012. 
Because both dates assigned by relator are prior to the date on which
the trial court clerk certified the clerk’s record in cause number
01-11-01117-CR, we will refer to the record in cause number 01-11-01117-CR.