Opinion issued April
12, 2012.

 



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01117-CR

____________

 








CURLEY JAMES BOYKIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1319594

 

 



MEMORANDUM
OPINION








          Appellant,
Curley James Boykin, has filed a “Motion to Appeal Bail Ruling and to Reduce
Bail.”  See Tex. Const. art.
I, § 11a; Tex. Code Crim. Proc. Ann.
art. 17.01, 17.15, 17.21 (West 2005 & Supp. 2011).  

          We
dismiss the motion.

On September 12, 2011, the trial
court granted the State’s motion for denial of bail.  See
Tex. Const. art. I, § 11a.  On December 6, 2011, more than 60 days after
the trial court entered its order, appellant moved the trial court to set a
reasonable bail.   No order on this
motion appears in the record.  Nevertheless,
appellant asserts that, on December 6, 2011, the trial court set bail in the
amount of $150,000.  

To the extent that appellant seeks to
initiate an original habeas corpus proceeding in this Court to reduce his bail,
we lack jurisdiction to entertain it.  See Tex.
Const. art. V, § 6; Tex. Code
Crim. Proc. Ann. art. 4.03, 11.07 § 2 (West 2004); Tex. Gov’t Code Ann. § 22.221 (West
Supp. 2011); Ortiz v. State, 299
S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); Chavez v. State, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.]
2004, no pet.); cf. Tex. R. App. P. 31.1 (pertaining to
appellate review of a judgment or order in a habeas corpus or bail proceeding).

To the extent that appellant attempts
to appeal an order setting his bail at $150,000, the record, which was filed in
this Court on February 15, 2012, contains no such order.  Unless a written signed order of the trial
court appears in the record, we have no jurisdiction over an appeal.  See
Broussard v. State, 01-10-00458-CR, 2010 WL 4056861, *2 (Tex. App.—Houston
[1st Dist.] Oct. 14, 2010, no pet.) (not designated for publication); Wallace v. State, Nos. 12-01-00353-CR,
12-01-00354-CR, 2002 WL 657396, *1 (Tex. App.—Tyler April 12, 2002, no pet.)
(not designated for publication); Lowe v.
State, No. 14-00-01110-CR, 2001 WL 101771, *2 (Tex. App.—Houston [14th
Dist.] Feb. 8, 2001, no pet.) (not designated for publication); cf. Tex.
R. App. P. 34.5(a)(5) (requiring copy of order that is being appealed to
appear in record).

On March 9, 2012, we notified appellant
that his appeal was subject to dismissal for want of jurisdiction unless, by
March 19, 2012, he filed a response showing grounds for continuing the
appeal.  Appellant did not respond.

Accordingly, we dismiss the appeal
for lack of jurisdiction. See Tex. R. App. P. 42.3(a), 43.2(f).  We dismiss all pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b).