**Suzanne Kearns DEWALT, Appellant**

v.

**The STATE of Texas**

**and**

**Ex Parte Suzanne Kearns Dewalt, Applicant.**

**Nos. PD–1724–13, WR–80,782–01.**

Court of Criminal Appeals of Texas.

April 9, 2014.

James A. Hemphill, Attorney at Law, Austin, TX, for Suzanne Kearns Dewalt.

Geoffrey I. Barr, District Attorney Comal County, New Braunfels, TX, Lisa C. McMinn, State's Attorney, Austin, TX, for The State of Texas.

COCHRAN, J., filed a concurring statement in which JOHNSON, J., joined.

I join in the Court's order refusing applicant's petition for discretionary review, and denying her petition for writ of mandamus, but I write separately (1) because I believe applicant raises an important issue concerning the use of sex offender registration as a means to keep track of a non-sex offender's whereabouts, and (2) to note that kidnapping of a child by that child's parent or guardian is, as of April 2013, on the list [1] of offenses for which early termination of sex offender registration is available, and its absence from the list prior to that date appears to have been inadvertent.

I.

After losing a child custody battle, applicant fled to Mexico with her five-year-old son. She was arrested there three years later and eventually convicted of aggravated kidnapping.[2] She received a five year sentence, which discharged in 2005. It is undisputed that although applicant "has not been charged with or convicted of any 'sex offense' as that term would normally be understood, it remains that her conviction for aggravated kidnapping, coupled with a mandatory affirmative finding made by the district court that the victim [applicant's son] was less than 17 years of age at the time of the offense, established a 'reportable conviction' that triggers Chapter 62's reporting obligations." [3] Applicant "is, in the eyes of Texas law, a 'sex offender' who must self-report as such through

---

1. The list of offenses eligible for early termination is created and updated by the Council on Sex Offender Treatment.

2. *See Dewalt v. State,* 307 S.W.3d 437 (Tex. App.-Austin 2010, pet. ref'd)

3. *Dewalt v. State,* 417 S.W.3d 678, 681 (Tex. App.-Austin 2013). *See* TEX.CODE CRIM. PROC.

art. 62.001(5)(E) ("reportable conviction or adjudication" for purposes of sex-offender reporting statute includes "a violation of Section ... 20.04 (Aggravated Kidnapping), Penal Code, if ... the judgment in the case contains an affirmative finding under [Code of Criminal Procedure] Article 42.015").

the end of the current decade." [4] Applicant filed a motion for early termination of her obligation to register under Article 62.404. That Article provides,

(a) A person required to register under this chapter who has requested and received an individual risk assessment under Article 62.403 may file with the trial court that sentenced the person for the reportable conviction or adjudication a motion for early termination of the person's obligation to register under this chapter.

(b) A motion filed under this article must be accompanied by:

(1) a written explanation of how the reportable conviction or adjudication giving rise to the movant's registration under this chapter qualifies as a reportable conviction or adjudication that appears on the list published under Article 62.402(b); and

(2) a certified copy of a written report detailing the outcome of an individual risk assessment evaluation conducted under Article 62.403(b)(1).[5]

Applicant presented to the trial judge number (2), but not (1), because aggravat-

ed kidnapping was not on the then-applicable list published under Article 62.402(b)—the list of offenses for which early termination is permissible.[6] The trial judge denied applicant's motion for early termination. I agree that this decision is not appealable or mandamusable. Nevertheless, legislative history suggests that sex offender registration in these circumstances may be the result of an unintentional legislative oversight.

## II.

Texas first created a sex offender registration requirement in 1991.[7] In 1999, the Texas Legislature added kidnapping and aggravated kidnapping[8] to the list of offenses requiring sex offender registration if the victim was under 17 years of age at the time of the offense.[9] This amendment was a specific reaction to the federal Jacob Wetterling Crimes Against Children and the Sexually Violent Offender Registration Act of 1994, which forced states to choose between a reduction in federal funding or conforming sex offender registration requirements to a federal standard.[10] Al-

---

4. *Dewalt*, 417 S.W.3d at 681.

5. Tex.Code Crim Proc. art. 62.403.

6. Art. 62.402 provides,

   (a) The department by rule shall determine the minimum required registration period under federal law for each reportable conviction or adjudication under this chapter.

   (b) After determining the minimum required registration period for each reportable conviction or adjudication under Subsection (a), the department shall compile and publish a list of reportable convictions or adjudications for which a person must register under this chapter for a period that exceeds the minimum required registration period under federal law.

   (c) To the extent possible, the department shall periodically verify with the United States Department of Justice's Office of

Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking or another appropriate federal agency or office the accuracy of the list of reportable convictions or adjudications described by Subsection (b).

7. Act of June 15, 1991, 72nd Leg., R.S., ch. 572, § 1 (Tex.S.B.259), effective Sept. 1, 1991.

8. Tex. Pen.Code §§ 20.03 & 20.04.

9. Acts 1999, 76th Leg., R.S., ch. 1193, § 4 (Tex.S.B.399), effective Sept. 1, 1999.

10. The Legislature estimated that Texas would lose $3.2 million in federal funding if it did not conform to the federal sex registration requirements. Senate Research Center, Bill Analysis, Tex. S.B. 399, 76th Leg., R.S. (Mar. 2, 1999).

though the Jacob Wetterling Act required states to add kidnapping to their lists of registration-requiring offenses, the act contained an explicit exception for kidnapping committed by a child's parent.[11] Furthermore, the Attorney General's guidelines recognized that, while federal law required registration of offenders who commit offenses against minor victims, "[i]t is a matter of state discretion under these clauses whether registration should be required for [kidnapping] in cases where the offender is a parent of the victim."[12] Either intentionally or through oversight, the Texas Legislature did not include any such exception.[13]

In 2005, Texas's 79th Legislature, recognizing that "the registration program [had] become too cumbersome and difficult to manage,"[14] passed a law allowing for early termination of sex offender registration for those convicted of offenses identified by the Council on Sex Offender Treatment (the Council) as having longer registration requirements under Texas law than under the federal Jacob Wetterling Act.[15] Although the Jacob Wetterling Act has always recognized a registration exception for parents who are convicted of kidnapping their own children, the Council did not allow early termination in these circumstances until April 2013.[16]

## III.

Applicant was not entitled to relief from the trial judge because her motion for early termination was filed before April 2013, and thus before a parent convicted of kidnapping her own child fit the criteria for early termination as defined by the Council. Therefore the trial judge did not err in denying her motion. However, because such an offender is now eligible for early termination, applicant could now file another motion for early termination with the trial judge.

Although Texas now allows for discretionary early termination for parents convicted of kidnapping their own children, Texas law still requires them to register for ten years, post discharge.[17] As the prosecutor noted at the hearing for early termination, "The reason we have sex offenders register is so we know where they're at." But does that rationale apply here?

Before 1999, sex offenders were those who committed sex crimes. The Jacob Wetterling Act, along with many states' registration laws, were passed in reaction to the murder and sexual assault of a 7-year-old girl by a neighbor who, "unknown to the victim's family, had prior convictions for sex offenses against children."[18] Reg-

11. Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, H.R. 3355, 103rd Cong. § 170101 (1994) (enacted).

12. Megan's Law; Final Guidelines for the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, as Amended, 64 Fed.Reg. 577 (Jan. 5, 1999).

13. Tex.Code.Crim. Proc. art. 62.001(5)(E).

14. House Criminal Jurisprudence Committee, Bill Analysis, Tex. H.B. 867, 79th Leg., R.S. (Apr. 29, 2005). The Criminal Jurisprudence Committee also noted that as of 2005, Texas

monitored 42,000 sex offender registrants. *Id.*

15. Tex.Code Crim. Proc. art. 62.402.

16. Council on Sex Offender Treatment, Texas Offenses Tiered Under the Federal Adam Walsh Act (April 2013), *available at* https://records.txdps.state.tx.us/SexOffender/Registration%20periods%20SORP%20v%20SORNA%202-2013.pdf

17. *Id.*

18. *Smith v. Doe*, 538 U.S. 84, 89, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (examining the

istration requirements for certain crimes were established to "to prevent repeat sex offenses and to aid the investigation of reported offenses."[19] The Texas Legislature intended to identify sex offenders because of their purportedly high recidivism rates and because "the total number of serious sex offenses are committed by a relatively small number of multiple and repeat sex offenders."[20] And while federal law and the majority of states' laws[21] do not require parents who kidnap their children to register as sex offenders at all, Texas has either intentionally or through oversight determined that these parents should register alongside predators convicted of indecency with a child, sexual assault, compelling prostitution, and promotion of child pornography.[22]

It is the legislature's prerogative to determine which offenders warrant the additional and more intense supervision of registered sex offenders. But the legislature may reexamine whether the kidnapping of one's own child is consistent with the legitimate and non-punitive purpose of sex offender registration: public safety that is advanced by alerting the public to the risk of sex offenders in their community.[23] Perhaps the Texas Legislature will join the federal government's determination, and the determination of at least thirty-four other states, that kidnapping one's own child is not a sex offense and does not

retroactivity of Alaska's sex offender registration requirement).

19. *Smith*, 538 U.S. at 108, 123 S.Ct. 1140 (Souter, J., concurring) (discussing purpose of Alaska sex offender registration requirement); *see also* Pennsylvania State Police, Megan's Law Website, *available at* http://www. pameganslaw.state.pa.us/History.aspx?dt (discussing rationale for Pennsylvania's reporting requirement).

20. Senate Research Center, Bill Analysis, Tex. S.B. 259, 72nd Leg., R.S. (Sept. 1, 1991).

21. Ala.Code § 15–20A–5 (2011); Ariz.Rev.Stat. Ann. § 13–3821 (2012); Ark.Code Ann. § 12–12–905 (1997); Del.Code Ann. tit. 11, § 4121 (2013); Fla. Stat. § 943.0435 (2013); Ga.Code Ann. § 42–1–12 (2012); Haw.Rev.Stat. § 846E–1 (2014); Idaho Code Ann. 18–8304 (2014); 730 Ill. Comp. Stat. 150/2 (2014); Ind. Code § 11–8–8–4.5 (2012); Iowa Code § 692A.101 (2010) (requires kidnapping be sexually motivated); Kan.Crim. Proc.Code Ann. § 22–4902 (2013); Ky.Rev.Stat. Ann. § 17.500 (2009); La.Rev.Stat. Ann. § 15:541 (2012); Me.Rev.Stat. Ann. tit. 34–A, § 11203 (2013); Md.Code Ann., Crim. Proc. § 11–701 (2012); Mass. Gen. Laws ch. 6, § 178C (2011); Mo.Rev. Stat. § 589.400 (2009); Mont Code Ann. § 46–23–502 (2013); Neb.Rev.Stat. § 29–4003 (2011); Nev.Rev.Stat. § 179D.0357 (2014); N.J. Stat. Ann. § 2C:7–2 (2014); N.M. Stat. § 29–11A–3 (2013) (although the 2013 amendment deleted the parental kidnapping exception to sex offender registration, a person convicted of kidnapping need only register if the kidnapping was committed with the intent to inflict a sexual offense); N.Y. Correct. Law § 168–a (2014); N.C. Gen.Stat. § 14–208.6 (2014); Ohio Rev.Code Ann. § 2950.01 (2014); Okla Stat. tit. 57 § 582 (2010); Or.Rev.Stat. § 181.594 (2014); S.C.Code Ann. § 23–3–430 (2014); Tenn.Code Ann. § 40–39–202 (2011); Utah Code Ann. § 77–41–102 (2014); Vt. Stat. Ann. tit. 13 § 5401 (2011) (registration for kidnapping only required when committed with specific intent to sexually assault); Wash. Rev.Code § 9A.44.128 (2014); Wis. Stat. Ann. § 301.45 (2013).

22. Tex.Code Crim. Proc. art. 62.001.

23. *See Smith v. Doe*, 538 U.S. at 102–03, 123 S.Ct. 1140 ("Selection [for sex offender registration] makes a statement, one that affects common reputation and sometimes carries harsher consequences, such as exclusion from jobs or housing, harassment, and physical harm."); *see also Rodriguez v. State*, 93 S.W.3d 60, 68 (Tex.Crim.App.2002) (rationale for sex offender registration includes " 'the unique threat sex offenders present to public safety, the high rate of recidivism among sex offenders, the low incidence of rehabilitation among sex offenders, and that sexual misconduct often begins as a juvenile.' ") (quoting *In re M.A.H.*, 20 S.W.3d 860, 863 (Tex.App.-Fort Worth 2000, no pet.)).

automatically require sex-offender registration.