In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00349-CR
NO. 09-14-00350-CR

_____

MICHAEL WAYNE HANCOCK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause Nos. CR28749 and CR28750

MEMORANDUM OPINION

On June 12, 2014, and June 23, 2014, the trial court signed judgments nunc pro tunc for Cause Numbers CR28749 and CR28750, respectively. Michael Wayne Hancock filed a notice of appeal on August 11, 2014. We notified the parties that the appeals would be dismissed because the notice of appeal was filed outside the time for which an extension may be granted for filing a notice of appeal. Hancock did not file a response.

A judgment nunc pro tunc is an appealable order. *Blanton v. State*, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012). To perfect an appeal, the notice of appeal must be filed within thirty days of the date that the trial court signs the judgment nunc pro tunc. *Dewalt v. State*, 417 S.W.3d 678, 689 (Tex. App.—Austin 2013), *pet. ref'd*, 426 S.W.3d 100 (Tex. Crim. App. 2014). Hancock's notice of appeal recites that he filed a motion for new trial on July 18, 2014, but the filing of a motion for new trial extends the time for perfecting appeal only when it is filed within thirty days of the day sentence is imposed. *See* Tex. R. App. P. 26.2(a)(2).

"If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). Hancock failed to file his notice of appeal within thirty days of the date the trial court signed either judgment nunc pro tunc, and he failed to file a motion for extension of time within fifteen days of the due date for a notice of appeal. *See* Tex. R. App. P. 26.2(a)(1), 26.3. Therefore, we dismiss the appeals for lack of jurisdiction.

APPEALS DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on October 14, 2014
Opinion Delivered October 15, 2014
Do Not Publish
Before Kreger, Horton, and Johnson, JJ.