**Opinion issued April 16, 2015**



In The

# Court of Appeals

For The

## First District of Texas

_____

## NO. 01-15-00313-CR

_____

## IN RE NII-OTABIL NELSON, Relator

---

**Original Proceeding on Application for Writ of Habeas Corpus**

---

## MEMORANDUM OPINION

Relator, Nii-Otabil Nelson, proceeding *pro se* and incarcerated, has filed an "Ex Parte Emergency Application for Writ of Habeas Corpus Seeking Bail," contending that he is being unlawfully confined in the Harris County Jail without the benefit of bail, pending a motion to adjudicate for the offense of alleged

violation of the terms of his community supervision.[1] We dismiss the application for want of jurisdiction.

This Court does not have original habeas corpus jurisdiction of a bail issue in criminal cases. *See Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.) (citations omitted); *see also In re Estrada, Jr.*, No. 01-14-00819-CR, 2014 WL 5780339, at *1 (Tex. App.—Houston [1st Dist.] Nov. 6, 2014, orig. proceeding) (citations omitted); TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2014) (original habeas corpus jurisdiction of the courts of appeals is limited to cases in which a person's liberty is restrained because the person violated an order, judgment, or decree entered in a civil case). "Article 11.072 is the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision." *State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013) (internal quotation marks and citation omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 1, 2(a), 8 (West Supp. 2014) (habeas applications

---

[1] The underlying case is *State v. Nelson*, Cause No. 1372073, in the 182nd District Court of Harris County, Texas, the Honorable Jeannine Barr presiding. On March 9, 2015, relator filed a notice of appeal from the denial of the amended motion to adjudicate guilt, which was assigned appellate cause number 01-15-00248-CR, and remains pending. Because the *pro se* relator appeared to initiate an original proceeding in this Court by filing this habeas application seeking bail on April 7, 2015, the Clerk of this Court assigned it a new appellate cause number from his pending appeal.

in felony/misdemeanor cases seeking relief from orders/judgments ordering community supervision "must be filed with the clerk of the court in which community supervision was imposed," and the denial of such applications may be appealed to the court of appeals "under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure."); *cf.* TEX. R. APP. P. 31.1 (pertaining to appellate review of a trial court order in a habeas corpus or bail proceeding). Because there is no indication in relator's habeas application that it was filed in the district court first, that it was denied, and that he is appealing such a denial, we lack jurisdiction to consider this application in the first instance.

Accordingly, we **dismiss** the habeas application for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).