

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00001-CR

---

JAMES E. WILLIAMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1469951R

----------

## MEMORANDUM DISSENTING AND CONCURRING OPINION[1]

----------

Appellant's December 6, 2016 notice of appeal is timely as to his conviction and sentence pronounced on October 6, 2016, *see* Tex. R. App. P. 26.2(a)(2), but he chose to complain of neither. Instead, he complains of the trial court's October 25, 2016 "Nunc Pro Tunc Order Correcting Minutes of the Court." If this court had jurisdiction to entertain the issues Appellant chose to raise in his

---

[1]*See* Tex. R. App. P. 47.4.

brief on appeal, I would join the majority in holding that the trial court did not err by adding language reflecting mandatory sex offender registration requirements to its judgment via the challenged nunc pro tunc order; I concur to that extent. However, a motion for new trial does not extend the deadline for filing a notice of appeal from an order nunc pro tunc because it is merely "an appealable order." I therefore have no choice but to dissent from the majority's reaching the merits of Appellant's issues.

Appellate rule 26.2 provides that a criminal defendant's notice of appeal must be filed:

> (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

> (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

Tex. R. App. P. 26.2. "A plain reading of the rule reveals that a timely-filed motion for new trial can only extend the deadline for filing an appeal from the imposition or suspension of a sentence; it cannot extend the deadline for filing an appeal from a mere 'appealable order.'" *Martin v. State*, No. 2-06-272-CR, 2007 WL 529905, at *1 (Tex. App.—Fort Worth Feb. 22, 2007, no pet.) (mem. op., not designated for publication); *see also Ex parte Delgado,* 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd) (mem. op.) (noting "[r]ule 26.2(a)(2) does not include 'or other appealable order' in providing for" an extension of time to file a notice of appeal based on a motion for new trial and concluding under "the

[rule's] plain language" that when the appealed order "does not involve imposition or suspension of a sentence, the notice of appeal must be filed within the thirty-day time period provided by rule 26.2(a)(1)"); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.) (same).

A nunc pro tunc order is an appealable order; a notice of appeal challenging it must therefore be filed within thirty days after the trial court signs it. *See* Tex. R. App. P. 26.2(a)(1); *Blanton v. State*, 369 S.W.3d 894, 903–04 (Tex. Crim. App. 2012); *Loftin v. State*, No. 02-11-00366-CR, 2012 WL 5512391, at *2 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (mem. op., not designated for publication); *see also Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.) ("It has been held that 'entered' by the court means a signed, written order.") (citations omitted). Accordingly, Appellant's notice of appeal from the October 25, 2016 nunc pro tunc order was due November 28, 2016. *See* Tex. R. App. P. 4.1(a), 26.2(a)(1). Filed December 16, 2016, his notice of appeal was filed too late to vest this court with jurisdiction over that order. *See* Tex. R. App. P. 26.2(a)(1).

Therefore, interpreting rule 26.2 as it is written, I would hold that we have no jurisdiction to address the issues Appellant chose to raise in his brief. *See id.*; *see also Dewalt v. State*, 417 S.W.3d 678, 690 (Tex. App.—Austin 2013) (holding same but noting that "[t]his is the sort of clerical error that can properly be corrected by nunc pro tunc") (internal quotation marks omitted), *pet. ref'd*, 426 S.W.3d 100 (Tex. Crim. App. 2014); *cf.* Letter from James Madison to

3

Charles Jared Ingersoll (June 25, 1831), *reprinted in The Mind of the Founder: Sources of the Political Thought of James Madison* 391 (Marvin Meyers ed., 1973) ("[A] law [must] be fixed in its meaning and operation[.]").

Despite the unique posture of this case, in which we could not determine our jurisdiction until Appellant filed his brief, the two issues he raised do not challenge his conviction or sentence but instead complain of an order which his notice of appeal was filed too late to encompass; I would therefore dismiss his appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) ("If an appeal is not timely perfected, a court of appeals . . . can take no action other than to dismiss the appeal.") (citing *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)). Because the majority instead reaches the merits of Appellant's issues, I respectfully dissent.

/s/ Mark T. Pittman

MARK T. PITTMAN
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 19, 2018