**Opinion issued April 23, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00257-CR

## NO. 01-19-00258-CR[1]

———————————

## IN RE ANDRE AARON GASKIN, Relator

---

## Original Proceedings on Applications for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, Andre Aaron Gaskin, proceeding pro se and incarcerated, has filed

two original applications for a writ of habeas corpus seeking bail reduction in his

---

[1]  Appellate cause number 01-19-00257-CR; trial court cause number 1573100.
Appellate cause number 01-19-00258-CR; trial court cause number 1565629.

two related underlying criminal proceedings.[2]  Relator states that he is charged with the first-degree felony offense of aggravated assault of a family member with serious bodily injury, in trial court cause number 1565629, and the second-degree felony offense of sexual assault of a child under 17 years of age, in trial court cause number 1565629.  Relator contends that his bail, set at $200,000.00 in each case, is excessive and requests that this Court conduct an evidentiary hearing and reduce it to a reasonable amount in each case.

The Texas Government Code provides that a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a *civil* case."  TEX. GOV'T CODE ANN. § 22.221(d) (West 2004 & Supp. 2017) (emphasis added).  Thus, this Court does not have "original habeas corpus jurisdiction of a bail issue" in a criminal case.  *See Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.) (citing TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004) and TEX. R. APP. P. 31.1 (pertaining to appellate review of trial court order in habeas corpus or bail proceeding)).  In criminal matters, our habeas corpus jurisdiction is appellate only and we do not have original habeas corpus jurisdiction.

---

[2]  The underlying cases are *The State of Texas v. Andre Aaron Gaskin*, Cause Nos. 1573100 and 1565629, pending in the 179th District Court of Harris County, Texas, the Honorable Randolph Earl Roll presiding.

*See* TEX. R. APP. P. 31.1; *see also Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding).  Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); *see also Ex parte Valdez*, 489 S.W.3d 462, 465–66 (Tex. Crim. App. 2016) (Court of Criminal Appeals dismissed habeas petition for want of jurisdiction because "applicant must first seek relief at the trial level (and avail himself of any appellate remedy if necessary)").

Accordingly, we dismiss relator's applications for a writ of habeas corpus for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Landau.

Do not publish.  TEX. R. APP. P. 47.2(b).

3