**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed September 17, 2020.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-20-00624-CR**
**NO. 14-20-00625-CR**

---

**IN RE TERRENCE JOHNSON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1657698 & 1650245**

---

## MEMORANDUM OPINION

On September 11, 2020, relator Terrence Johnson filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator claims that his bail is excessive and asks this court to reduce his bail.

The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 956, 956 (Tex. App.—Houston [14th Dist.] 2016,

orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing Tex. Code Crim. Proc. Ann. art 11.05). Therefore, this court does not have original habeas corpus jurisdiction over a request to reduce bail in a criminal case. *See Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Christopher, Jewell, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).