**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed January 5, 2021.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-20-00828-CR**
**NO. 14-20-00829-CR**
**NO. 14-20-00830-CR**

**IN RE RICHARD BRADLEY, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 19CR2515, 19CR2516 & 19CR2517**

## MEMORANDUM OPINION

On December 16, 2020, relator Richard Bradley filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Patricia Grady, presiding judge of the 212th District Court of Galveston County, to either reduce relator's bond or release relator on a personal recognizance bond.

The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 956, 956 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing Tex. Code Crim. Proc. Ann. art 11.05). Therefore, this court does not have original habeas corpus jurisdiction over complaints of excess bail in a criminal case. *See Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

Accordingly, relator's petition is dismissed for lack of jurisdiction.


PER CURIAM


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).