**Dismissed and Opinion Filed January 18, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00745-CV

### IN RE JOHN THOMPSON, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83205-2021**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

John Thompson has filed a pro se original petition for writ of habeas corpus contending he has been detained for over ninety days in violation of article 17.151 of the code of criminal procedure. Alternatively, relator further contends the trial court erred in denying relief on an application for writ of habeas corpus he alleges he filed in this case. Concluding we lack jurisdiction over this case, we dismiss the petition for want of jurisdiction.

The petition appears to be a complete document requesting original habeas relief. After the document, however, relator also includes in his filing what appears to be a partial brief asserting the trial court heard and denied a petition for habeas relief during an August 16, 2021 bond hearing.

The Court has no jurisdiction to consider an original application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.) (mem. op.) (court of appeals does not have original habeas jurisdiction concerning bail issue). Thus, we have no jurisdiction to consider relator's original petition for writ of habeas corpus. *See Ayers*, 515 S.W.3d at 356–57.

Furthermore, considering the portion of relator's petition appealing from the denial of habeas relief, relator has not shown, and cannot show, that the trial court has denied any habeas relief in this case. After the August 16, 2021 bond hearing, relator appealed the trial court's ruling, The Court assigned relator's appeal cause no. 05-21-00751-CR. Relator's appeal was dismissed because a docket sheet accompanying the notice of appeal did not show the filing of a habeas application nor did it appear the trial court has entered a written appealable order. *See Thompson v. State*, No. 05-21-00751-CR, 2021 WL 4272014, at *1 (Tex. App.—Dallas Sept. 21, 2021, no pet.) (mem. op.). A few days after the Court dismissed the case, the district clerk filed the clerk's record. The clerk's record does not show relator had a writ application pending in this case at the time of the August 16, 2021 hearing, so the trial court could not have ruled on a writ application in this case. The clerk's

record in cause no. 05-21-00751-CR reflects relator did not file a writ application in the trial court until September 14, 2021.

Because there was no application for habeas relief before the trial court,[1] we cannot entertain an appeal to review the denial of habeas relief. *See Greenwell v. Court of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (appellate court may not imply existence of habeas action when no separate habeas action has been filed).

Because there was no writ application pending before the trial court, and thus no final ruling on a writ application, the Court has no jurisdiction to consider an appeal in this case arising from the August 16, 2021 bond hearing.

We dismiss relator's petition for want of jurisdiction.

/Bill Pedersen, III//
210745f.p05                        BILL PEDERSEN, III
                                   JUSTICE

---

[1] Relator did file an application for writ of habeas corpus in a second case the trial court also heard during the August 16, 2021 bond hearing. That case is the subject of appellate cause no. 05-21-00752-CR and will be addressed separately.