**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed January 27, 2022.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-21-00721-CR**
**NO. 14-21-00722-CR**
**NO. 14-21-00723-CR**

**IN RE KEENEN JOSEPH, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**209th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1672991, 1729933 & 1731742**

## MEMORANDUM OPINION

On December 13, 2021, relator Keenen Joseph filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R.

App. P. 52. In the petition, relator asks this court to order the Harris County District Attorney to show cause why relator should not be released on reasonable bond.

Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art. 11.05; *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). A court of appeals does not have original habeas corpus jurisdiction to consider a challenge to the denial of bail. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding).

Accordingly, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).