**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed March 14, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00134-CR

---

### IN RE MICHAEL HAYES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1657944**

---

## MEMORANDUM OPINION

On February 27, 2023, relator Michael Hayes filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asserts that the bail set in his case is excessive.

The courts of appeal have no original habeas corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 956, 956 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code § 22.221(d)). Original jurisdiction to

grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing Tex. Code Crim. Proc. art. 11.05). Therefore, this court does not have original habeas corpus jurisdiction over a request to reduce bail in a criminal case. *See Oritz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

  Accordingly, relator's petition is dismissed for lack of jurisdiction.


PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).