**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed June 1, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00263-CR

### IN RE EDWIN JOHNSON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1769253**

## MEMORANDUM OPINION

On April 17, 2023, relator Edwin Johnson filed an application for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221. In the petition, relator asks this court to compel the Honorable Kristin Guiney, presiding judge of the 183rd District Court of Harris County, to either dismiss the case or grant a personal recognizance bond.

Relator is seeking habeas-corpus relief. The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 956, 956 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant an application for a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing Tex. Code Crim. Proc. Ann. art 11.05). Therefore, this court does not have original habeas-corpus jurisdiction over a request to dismiss a criminal case or grant a recognizance bond in a criminal case. *See Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

Accordingly, relator's application is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).