**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed June 27, 2023.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-23-00403-CR**

**NO. 14-23-00404-CR**

**NO. 14-23-00405-CR**

**NO. 14-23-00406-CR**

---

**IN RE ANDREW BURKE, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**458th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 22-DCR-099866, 21-DCR-097923, 21-DCR-097693 & 23-CCR-231922**

---

## MEMORANDUM OPINION

On June 8, 2023, relator Andrew Burke filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator seeks a pretrial bond reduction or a personal recognizance bond.

The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 956, 956 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing Tex. Code Crim. Proc. Ann. art 11.05). Therefore, this court does not have original habeas corpus jurisdiction over a request to reduce bail in a criminal case. *See Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).