**Petition for Writ of Habeas Corpus Dismissed and Memorandum Majority and Concurring Opinions filed August 15, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00456-CR

### IN RE YU HENG TAO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 22-DCR-101104**

## MEMORANDUM MAJORITY OPINION

On June 29, 2023, relator Yu Heng Tao filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator seeks pretrial bond reduction.

The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 956, 956 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction

to grant an application for a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing Tex. Code Crim. Proc. Ann. art. 11.05). Therefore, this court does not have original habeas corpus jurisdiction over a request to reduce bail in a criminal case. *See Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

Accordingly, relator's petition is dismissed for lack of jurisdiction.


PER CURIAM

Panel consists of Justices Wise, Bourliot, and Spain (Spain, J., concurring).
Do Not Publish — Tex. R. App. P. 47.2(b).