**Opinion issued January 22, 2026**



In The

# Court of Appeals

For The

## First District of Texas

————————————

## NO. 01-26-00071-CR

————————————

## IN RE BRYANT L. WOODS, Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

### MEMORANDUM OPINION

Relator Bryant L. Woods, incarcerated and proceeding pro se, has filed an application for a writ of habeas corpus in this Court.[1] *See* TEX. GOV'T CODE § 22.221; *see also* TEX. R. APP. P. 52. In his petition, relator asks this court to discharge him from custody or to alternatively reduce his bail.

---

[1] The underlying case is *State of Texas v. Bryant L. Woods*, cause number 1777024, pending in the 262nd District Court of Harris County, Texas, the Honorable Lori Chambers Gray presiding.

The courts of appeal have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing TEX. GOV'T CODE § 22.221(d)). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Id.* (citing TEX. CODE CRIM. PROC. art. 11.05). Therefore, this court does not have original habeas corpus jurisdiction over relator's complaints. *See id.*; *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, orig. proceeding) (holding court of appeals did not have jurisdiction in original proceeding to consider challenge to denial of bail and dismissing petition for writ of habeas corpus).

Accordingly, relator's petition is dismissed for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. *See* TEX. R. APP. P. 47.2(b).