# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00252-CV

---

**In re Joe Flores**

---

**FROM THE 450TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-DC-23-208938, THE HONORABLE BRAD URRUTIA, JUDGE PRESIDING**

---

# M E M O R A N D U M   O P I N I O N

Relator Joe Flores filed an application for a pre-trial writ of habeas corpus in this Court, seeking immediate release from his confinement in the Travis County Correctional Complex pursuant to article 11.08 of the Texas Code of Criminal Procedure. However, original habeas jurisdiction in a criminal proceeding is limited to the court of criminal appeals, the district courts, and the county courts. Tex. Code Crim. Proc. art. 11.05. "This Court lacks original habeas corpus jurisdiction in criminal cases." *Houston v. State*, No. 03-24-00557-CR, --- S.W.3d ---, 2026 WL 63108, at *15 n.6 (Tex. App.—Austin Jan. 8, 2026, no pet. h.) (first citing Tex. Const. art. V, § 6; then citing Tex. Gov't Code § 22.221(d); and then citing Tex. Code Crim. Proc. art. 11.05). "As an intermediate appellate court, our habeas corpus jurisdiction in criminal matters is appellate only." *Id.* (first citing Tex. Gov't Code § 22.221(d); and then citing *In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.)). Thus, this Court lacks jurisdiction over Flores's application for writ of habeas corpus. *See id.*; *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—

Amarillo 2009, no pet.).  Accordingly, we dismiss Flores's application for writ of habeas corpus for lack of jurisdiction.

_____

Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Filed:   March 27, 2026